[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FORARTICULATION DATED APRIL 18, 1997
This court's opinion dated June 7, 1995 with respect to the defendant's motion to cite in a party defendant was based solely upon the arguments contained in the plaintiff's Memorandum of Law dated May 8, 1995. While this was an "objection" to the Motion to Cite In, its prayer for relief was a request that the court deny the defendant's Motion to Cite In. The order attached thereto did not contain the words "sustained" or "overruled" but the usual words for an order with respect to a motion i.e. "granted/denied" and the court circled the word "denied" intending to deny the Motion to Cite In the party defendant. This was corrected on March 6, 1997 in response to the plaintiff's "Request for Clarification."
The court was in agreement with the plaintiff that it was inappropriate to seek to force the plaintiff to bring an action for negligent entrustment against the owner of the motorcycle when its action was for negligence against the CT Page 5575 defendant Clough. The court agrees with the plaintiff that "it is clear that the theory behind negligent entrustment is to hold an owner of a vehicle responsible when he negligently permits one to drive his vehicle, and a third person is injured as a result of the driver's negligence. It is the injured third person who has the right to bring an action against the owner."
In its special defense and in its Motion to Cite In additional party the defendant bases its claims against the owner of the motorcyle on recklessness and the court agrees with the plaintiff that it would be improper to seek apportionment on that ground in the light of the language of Section 52-572h(c) C.G.S.
Throughout the uncertainty among judges regarding the correct procedure for citing in a defendant for apportionment purposes this court believed that it was not the duty of the plaintiff to do so. However, the court did not base its opinion in this case upon the opinion in Clifford v. Kasper.
That opinion was pertinent only to that case. By the time the instant case came before the court it had become evident to the court that the majority of judges passing on this subject agreed that the burden to cite in a person for apportionment purposes should not fall on the plaintiff nor should the plaintiff be required to amend its complaint.
However, it also became evident that the simplified procedure suggested in the Clifford case was not favored. At that time it was well known that Public Act 95-111 had been passed and would become effective on July 1, 1995. (This is currently C.G.S. § 52-102b). Although not effective as to this case it was also clear that the favored approach was that there should be an actual citation of the party by the defendant as advocated by the plaintiff in this case. Accordingly this court sustained the objection of the plaintiff thus denying defendant's motion to have the plaintiff amend the complaint and cite in an additional defendant leaving it for the defendant to do so.
Robert J. Hale Judge Trial Referee CT Page 5576